IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TALON NORCO, *et al.*, | ) |
|                 Plaintiffs, | )   Civil Action No. 11 - 1453 |
| v. | )   Chief Judge Gary L. Lancaster |
| | )   Chief Magistrate Judge Lisa Pupo |
| ALLSTATE INSURANCE COMPANY, *et al.*, | )   Lenihan |
| | )   ECF No. 17 |
|                 Defendants. | ) |

## ORDER

On July 26, 2012, Plaintiffs filed a Petition for Leave to Amend (ECF No. 17), in conjunction with their Objections and Exceptions to the Report and Recommendation of the Magistrate Judge (ECF No. 16), filed that same date. In their Petition for Leave to Amend, Plaintiffs submit that in the event that the District Court agrees with the Magistrate Judge's Report and Recommendation, they request leave of court to amend their Amended Complaint to set forth in more detail (1) their allegations of harm with regard to their claim for common law bad faith; (2) their breach of peace of mind, loss of bargain, and mental distress as a direct and proximate result of the Defendants' misconduct; (3) a request for punitive damages and other relief, to include an award of attorney's fees and costs; and (4) a similar amendment to their demand for relief in Count IV of their Amended Complaint (statutory bad faith claim). However, Plaintiffs have failed to attach the proposed amended complaint to their Petition for Leave to Amend. Defendants have filed a Response (ECF No. 19) to Plaintiffs' Petition for Leave to Amend which raises several substantive reasons for denying the Petition.

In their response and brief in opposition to Defendants' motion to dismiss, Plaintiffs did not request leave to amend their Complaint, but opposed the motion on the merits. Nor was the

Court required to grant *sua sponte* amendment of the Amended Complaint as this case does not involve an alleged violation of the Plaintiffs' civil rights. *See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.,* 482 F.3d 247, 252 (3d Cir. 2007). Rather, the long standing rule in this circuit, when requesting leave to amend a complaint in non-civil rights cases, states that "the plaintiff must submit a draft amended complaint to the court so that it can determine whether amendment would be futile." *Id.* at 252. The court of appeals has further held that "failure to submit a draft amended complaint is fatal to a request for leave to amend. *Id.* 252-53 (citing *Ranke v. Sanofi–Synthelabo, Inc.*, 436 F.3d 197, 206 (3d Cir.2006); *Ramsgate Court Townhome Ass'n v. West Chester Borough*, 313 F.3d 157, 161 (3d Cir.2002); *Lake v. Arnold*, 232 F.3d 360, 374 (3d Cir.2000); *Kelly v. Del. River Joint Comm'n*, 187 F.2d 93, 95 (3d Cir.1951)).

Accordingly, because Plaintiffs have failed to attach a proposed amended complaint to their Petition for Leave to Amend, the Court is unable to determine whether the amendment would be futile. Plaintiffs' failure to do so is fatal to their request. Therefore, the Court enters the following order:

**AND NOW,** this 10th day of September, 2012, **IT IS HEREBY ORDERED** that Plaintiffs' Petition for Leave to Amend (ECF No. 17) is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiffs may file a second Petition for Leave to Amend which attaches a copy of their proposed amended complaint, within fourteen (14) days of the date of this Order. Plaintiffs are advised that the claims dismissed with prejudice by Judge Lancaster in the Order docketed at ECF No. 25 may not be re-pled in the proposed amended complaint.

**IT IS FURTHER ORDERED** that Defendants shall file any response to Plaintiffs' second Petition for Leave to Amend within fourteen (14) days of service of same.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(A), and Rule 72.C.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of issuance of this Order to file an appeal to the District Judge, which includes the basis for objection to this Order. Any party opposing the appeal shall have fourteen (14) days from the date of service of the notice of appeal to respond thereto. Failure to file a timely notice of appeal will constitute a waiver of any appellate rights.

BY THE COURT:

s/Lisa Pupo Lenihan
LISA PUPO LENIHAN
Chief United States Magistrate Judge

cc: Counsel of Record
*Via Electronic Mail*